The court incorporates by reference in this paragraph and adopts as the findings and analysis of this court the document set forth below. This document has been entered electronically in the record of the United States Bankruptcy Court for the Northern District of Ohio.



Dated: March 28 2025

John P. Gustafson
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | Case No. 24-30668 |
| | ) | |
| Stephanie R Ludwikowski, | ) | Chapter 7 |
| | ) | |
| Debtor. | ) | Adv. Pro. No. 24-03043 |
| | ) | |
| Anna Thornton, | ) | Judge John P. Gustafson |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| Stephanie R Ludwikowski, | ) | |
| | ) | |
| Defendant. | ) | |

### MEMORANDUM OF DECISION AND ORDER REGARDING
### MOTION FOR SUMMARY JUDGMENT

Plaintiff-Creditor Anna Thornton ("Plaintiff") commenced this adversary proceeding against Defendant-Debtor Stephanie R Ludwikowski ("Defendant") by filing a complaint on July 5, 2024, seeking a determination that a debt owed to her is non-dischargeable under 11 U.S.C.

§523(a)(6). Defendant filed an Answer, but it did not address the individual factual assertions made in the Complaint.

The Answer included a general denial that Defendant did the action that formed the basis of the Complaint – the "keying" Plaintiff's car by Defendant is denied, and the Answer questions the amount of the damages awarded. The other specific factual allegations in the Complaint are not addressed.

This proceeding is now before the court for decision on Plaintiff-Creditor's Motion for Summary Judgment ("Motion") [Doc. #19], filed on November 1, 2024. Defendant-Debtor had until November 22, 2024, to file a response. [Doc. #16]. On November 26, 2024, Defendant-Debtor filed an untimely "Affidavit" in response to the Motion. [Doc. #20]. The document Defendant filed is not an Affidavit because, while the statements follow "MAKE OATH AND SAY" language, there is no signature, no "jurat" clause, and of course no notarization of the missing signature. Thus, Document #20 is not an affidavit.

Moreover, the unsigned document cannot be construed as an unsworn declaration under penalty of perjury under 28 U.S.C. §1746 because the statute requires such a document to include a signature. *See*, 28 U.S.C. §1746(2). Failure to sign what might be construed as an unsworn declaration under penalty of perjury has resulted in the striking of the "declaration". *See e.g.*, *Sfakianos v. Shelby County Gov't*, 481 Fed. App'x 244, 245 (6th Cir. June 6, 2021)("district court properly declined to consider" an unsigned "affidavit"/unsworn declaration); *Nassif Ins. Agency, Inc. v. Civic Property and Cas. Co.*, 2005 WL 712578 at *3, 2005 U.S. App. LEXIS 5085 *8 (6th Cir. March 30, 2006)("Unsigned affidavits do not comply with Fed.R.Civ.P. 56(e)"); *Weems v. City of Columbus, Ohio*, 2006 WL 2640636 at *3, (S.D. Ohio Sept. 13, 2006); *Patterson v. O'Bar Wrecker Service, LLC*, 685 F. Sup. 3d 387, 395 n. 1&2 (N.D. Tex. 2023)(citing cases).

Thus, Document #20, the "Affidavit", is not compliant with Federal Rule of Civil Procedure 56(c)(4) made applicable in bankruptcy adversary proceedings by Federal Rule of Bankruptcy Procedure 7056.

Plaintiff-Creditor asserts that summary judgment is warranted because "the Toledo Municipal Court found that Defendant willfully and maliciously harmed Plaintiff's car," that this finding satisfies §523(a)(6), and that "there are no issues of material fact." However, there is nothing in the record that reflects a specific finding by the Municipal Court that the actions were willful and malicious.

The district court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §1334(b) as a civil proceeding arising in or related to a case under Title 11. This proceeding has been referred to this court by the district court under its general order of reference. 28 U.S.C. §157(a); General Order 2012-7 of the United States District Court for the Northern District of Ohio. Proceedings to determine the dischargeability of debts are core proceedings that the court may hear and decide. 28 U.S.C. §157(b)(1) and (b)(2)(I).

This Memorandum of Decision constitutes the court's findings of fact and conclusions of law pursuant to Fed. R. Civ. P. 52, made applicable to this adversary proceeding by Fed. R. Bankr. P. 7052. Regardless of whether specifically referred to in this Memorandum of Decision, the court has examined the submitted materials, considered all of the evidence, and reviewed the entire record of the case. For the reasons that follow, it appears that the state court judgment is entitled to collateral estoppel effect in this adversary proceeding. Because the state court judgment establishes the elements required to except a debt from discharge under §523(a)(6), the Plaintiff's motion for summary judgment on her non-dischargeability complaint will be granted.

## FINDINGS OF FACT

Because the Answer did not contradict the background allegations in the Complaint, the court will rely on those statements to provide the background for the court's ruling. *See*, Federal Rule of Civil Procedure 8(b)(6); Federal Rule of Bankruptcy Procedure 7008.

On December 14, 2022, a judge in the Toledo Municipal Court accepted Defendant-Debtor's guilty plea to a reduced charge under Ohio R.C. 2933.02. [Doc. #1, p. 2, ¶9] ("Defendant entered a plea deal to a lesser charge".). The original charge had been under Ohio R.C. 2909.06A1.

On the same day her guilty plea was accepted, Defendant was ordered to pay $500.00 in restitution, which she appears to have satisfied. [Doc. #19, p. 3; Doc. #20, ¶3]. It also appears that Defendant acknowledges that she was "charged and found guilty of criminal damage to the plaintiff's vehicle" according to her Answer. [Doc. #13, ¶2]. Defendant does not deny the allegations but appears to challenge the authenticity of the evidence from the state court criminal proceeding, the validity of the damages assessed, and whether she caused the alleged harm. [Doc. #13, ¶4]. In the "Affidavit", she asserts she only entered a plea in the criminal case because she was afraid she would lose her job if she missed more work. [Doc. #20, pp. 1-2, ¶¶2 & 3].

To the extent that the Defendant raises issues with the state court criminal action, there is case law holding that in Ohio, preclusive effect cannot be given to a prior criminal conviction in a subsequent civil action. *See e.g.*, *Breckler v. Martin*, 2002 WL 1465761 at **2-3, 2002 U.S. Dist. LEXIS 12330 at **5-7 (N.D. Ohio June 10, 2002)(citing *Chapman* and Ohio case law); *In re Chapman*, 228 B.R. 899, 905 (Bankr. N.D. Ohio 1998); *The Bros. Grimm Grass Co. v. Weidaw (In re Weidaw)*, 2017 WL 6754136 at *3, 2017 Bankr. LEXIS 3406 at **9-10 (Bankr. N.D. Ohio Dec. 28, 2017). Accordingly, the above is by way of background, and the Defendant's criminal plea plays no part in the court's determination of the Motion for Summary Judgment.

Plaintiff subsequently filed a complaint in the Toledo Municipal Court, Small Claims Division, seeking to recover the difference between the total repair costs for her vehicle and the restitution amount paid by Defendant. On May 5, 2023, a trial was held. The Magistrate Judge entered a decision in favor of Plaintiff on May 10, 2023. The summary judgment motion includes certified documents from the state court action, along with a declaration from Plaintiff's attorney affirming the authenticity of these documents. [Doc. #19, Atty. Decl.; Exs. A & B]. The Magistrate Judge's decision, later adopted by Judge Kuhlman, found by a preponderance of the evidence that Defendant "'keyed' Plaintiff's car extensively," [Ex. B, p. 2] further noting that "[t]he underlying dynamic is a woman (or women) scorned." [Ex. B, p. 1]. Plaintiff further avers, and Defendant appears to admit, that "Defendant has not paid any portion of the judgment granted in the Toledo Municipal Court matter and admits such in her answer." [Doc. #19, p. 4; Doc. #13, ¶4].

Notably, the state court decision appears to contain a clerical error. After the state court discussed Defendant's liability to Plaintiff, the next paragraph addresses Defendant's counterclaim, because in the civil action it was also alleged that Plaintiff damaged Defendant's vehicle. The Magistrate Judge stated that he was "not persuaded the weight of evidence supports a conclusion of liability on Defendant's part," but the context suggests he intended to refer to Plaintiff as counterclaim-Defendant, regarding the counterclaim asserted by Defendant. Nevertheless, it is clear that the Municipal Court issued a judgment in favor of Plaintiff for $4,959.00, plus costs. [Doc. #19, Ex. B, p. 2]. There was no award or setoff on the alleged counterclaim of Defendant against Plaintiff (which was dismissed, but apparently considered at trial in some manner). *Id*.

Finally, Defendant's late-filed unsigned "Affidavit" in response to the summary judgment motion, though somewhat unclear, appears to contest the outcomes of both her state criminal and

5

civil court proceedings, the amount awarded by the state court, and a statement made in the Magistrate Judge's decision. [Doc. #13]. The court will address those issues, while still recognizing that the failure to file a legally compliant sworn statement is an additional ground for granting Plaintiff's Motion for Summary Judgment.

## LAW AND ANALYSIS

### I. Summary Judgment Standard

Under Rule 56 of the Federal Rules of Civil Procedure, made applicable to this proceeding by Federal Rule of Bankruptcy Procedure 7056, summary judgment is proper only where there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(a). In reviewing a motion for summary judgment, however, all inferences "must be viewed in the light most favorable to the party opposing the motion." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-88, 106 S.Ct. 1348, 1355-57, 89 L.Ed.2d 538 (1986). "The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn" in favor of the non-movant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255, 106 S.Ct. 2505, 2513, 91 L.Ed.2d 202 (1986).

The party moving for summary judgment always bears the initial responsibility of informing the court of the basis for its motion, "and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits if any' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 2552-53, 91 L.Ed.2d 265 (1986). The moving party can discharge its initial burden of proof by either coming forward with evidence showing the absence of a genuine issue of material fact, or by showing that there is no such issue by pointing out to the court that there is an absence of evidence to support the non-moving party's case. *Id.* at 325, 106 S.Ct. at 2554.

24-03043-jpg    Doc 21    FILED 03/28/25    ENTERED 03/28/25 16:56:56    Page 6 of 13

Where the moving party has met its initial burden, the adverse party "may not rest upon the mere allegations or denials of his pleading but . . . must set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 248, 106 S.Ct. at 2510. A genuine issue for trial exists if the evidence is such that a reasonable factfinder could find in favor of the nonmoving party. *Id*. "The non-moving party, however, must provide more than mere allegations or denials . . . without giving any significant probative evidence to support" its position. *Berryman v. Rieger*, 150 F.3d 561, 566 (6th Cir. 1998).

General averments or conclusory allegations of an affidavit do not create specific factual disputes relative to summary judgment. *See, Lujan v. National Wildlife Federation*, 497 U.S. 871, 888-89 (1990). A party opposing summary judgment must affirmatively present competent evidence that sufficiently establishes a genuine issue of material fact. *Anderson*, 477 U.S. at 256. "The mere existence of a scintilla of evidence in support of the [non-movant's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [non-movant]." *Id.* at 252. A disputed fact is material only if its resolution might affect the outcome of the case under the governing substantive law. *Rogers v. O'Donnell*, 737 F.3d 1026, 1030 (6th Cir. 2013) (citation omitted).

**II. Exception to Discharge**

A discharge under Chapter 7 of the Bankruptcy Code is subject to the exception of certain types of debts listed in 11 U.S.C. §523(a). *Stamper v. United States* (*In re Gardner*), 360 F.3d 551, 557 (6th Cir. 2004).

Plaintiff's non-dischargeability complaint raises one of those exceptions. The Complaint asserts that Debtor owes Plaintiff a debt that should be excepted from discharge under §523(a)(6) because of a willful and malicious injury Defendant inflicted upon Plaintiff in connection with the keying of her car, as reflected in the state court's civil judgment.

7

The statutory exceptions to discharge are intended to implement the fundamental bankruptcy policy of affording a "fresh start" only to "the honest but unfortunate debtor." *Id.*, citing *Grogan v. Garner*, 498 U.S. 279, 286-87 (1991)). To implement the fresh start policy, the exceptions to discharge for debts listed in §523(a) are to be construed narrowly. *Rembert v. AT&T Universal Card Svcs., Inc.* (*In re Rembert*), 141 F.3d 277, 281 (6th Cir. 1998). Plaintiff, as the party seeking exception of an alleged debt from Debtor's Chapter 7 discharge, has the burden of proof under §523(a)(6) by a preponderance of the evidence. *Grogan*, 498 U.S. at 291.

Debts arising out of intentional torts have been deemed to satisfy §523(a)(6)'s willful and malicious injury standard. *See*, *McCurdie v. Strozewski* (*In re Strozewski*), 458 B.R. 397, 403 (Bankr. W.D. Mich. 2011), citing *Stier v. Best* (*In re Best*), 109 Fed. Appx. 1, 5 (6th Cir. June 30, 2004)(unpublished opinion)(citations omitted); *National Sign & Signal v. Livingston*, 422 B.R. 645, 658 (W.D. Mich. 2009).

Generally, the determination of dischargeability of a debt involves a two-step process:

(1) the establishment of a valid prepetition debt owed by the debtor under applicable non-bankruptcy law and

(2) a determination whether the debt is nondischargeable under section 523(a) of the Bankruptcy Code.

*In Re Nadeau*, No. 21-31239, 2022 WL 4540235, at *10 (Bankr. N.D. Ohio Sept. 28, 2022)(citing cases). "Whether a debt is nondischargeable under 11 U.S.C. §523(a) is a matter separate from the merits of the debt itself." *Long v. Piercy* (*In re Piercy*), 21 F.4th 909, 918 (6th Cir. 2021).

Here, Defendant's liability and damages have already been determined in the state court's civil judgment. Thus, this court is only tasked with determining the second step: whether the debt is non-dischargeable under Section 523(a)(6).

### III. 11 U.S.C. §523(a)(6)

Section 523(a)(6) excepts from discharge a debt "for willful and malicious injury by the debtor to another entity or to the property of another entity." 11 U.S.C. §523(a)(6). To prevail under §523(a)(6), plaintiffs must prove that the injury from which the alleged debt arises was both willful and malicious. *Markowitz v. Campbell* (*In re Markowitz*), 190 F.3d 455, 463 (6th Cir. 1999); *J & A Brelage, Inc. v. Jones* (*In re Jones*), 276 B.R. 797, 801-02 (Bankr. N.D. Ohio 2001). The "willful and malicious standard is a stringent one." *Steier v. Best* (*In re Best*), 109 Fed. Appx. 1, 4 (6th Cir. 2004). The terms "willful" and "malicious" are distinct and both requirements must be met under §523(a)(6). *South Atlanta Neurology and Pain Clinic, P.C. v. Lupo* (*In re Lupo*), 353 B.R. 534, 550 (Bankr. N.D. Ohio 2006).

Addressing the "willful" requirement of §523(a)(6), the United States Supreme Court held that "the (a)(6) formulation triggers in the lawyer's mind the category 'intentional torts,' as distinguished from negligent or reckless torts" and held that "[t]he word 'willful' in (a)(6) modifies the word 'injury,' indicating that nondischargeability takes a deliberate or intentional injury, not merely a deliberate or intentional act that leads to injury." *Kawaauhau v. Geiger*, 523 U.S. 57, 61 (1998)(emphasis in original). A willful injury occurs when "(i) the actor desired to cause the consequences of the act or (ii) the actor believed that the given consequences of his act were substantially certain to result from the act." *Monsanto Co. v. Trantham* (*In re Trantham*), 304 B.R. 298, 307 (6th Cir. BAP 2004)(citing *Markowitz*, 190 F.3d at 464).

Under §523(a)(6), "'malicious' means in conscious disregard of one's duties or without just cause or excuse; it does not require ill-will or specific intent." *Id.* (citing *Wheeler v. Laudani*, 783 F.2d 610, 615 (6th Cir. 1986)). "Stated differently, '[t]here must also be a consciousness of wrongdoing . . . It is this knowledge of wrongdoing, not the wrongfulness of the debtor's actions, that is the key to malicious under § 523(a)(6).'" *Kraus Anderson Capital, Inc. v. Bradley* (*In re*

9

*Bradley*), 507 B.R. 192, 204 (6th Cir. BAP 2014), quoting *ABF, Inc. v. Russell* (*In re Russell*), 262 B.R. 449, 455 (Bankr. N.D. Ind. 2001).

Deliberate vandalism is an intention tort, and debts arising from such conduct have been held to satisfy §523(a)(6)'s "willful and malicious injury" requirement. *McCurdie v. Strozewski* (*In re Strozewski*), 458 B.R. 397, 403 (Bankr. W.D. Mich. 2011), citing *Stier v. Best* (*In re Best*), 109 Fed. Appx. 1, 5 (6th Cir. June 30, 2004)(unpublished opinion)(citations omitted); *National Sign & Signal v. Livingston*, 422 B.R. 645, 658 (W.D. Mich. 2009).

The statute further requires that the injury be caused "by the debtor." §523(a)(6). While preclusion based on criminal actions is a difficult area, the full range of preclusive consequence arise when Plaintiff has obtained a civil judgment. Res Judicata (also termed "claim preclusion"), collateral estoppel (also referred to as "issue preclusion"), and the *Rooker-Feldman* doctrine all fully apply to Plaintiff's civil judgment. *See generally*, *In re Chapman*, 2025 WL 583045 at \*\*3-4, 2025 Bankr. LEXIS 385 at \*\*5-8 (Bankr. N.D. Ohio Feb. 21, 2025). The Municipal Court judgment finds that Defendant keyed Plaintiff's vehicle, and that finding cannot be overturned by this court.

Notably, in *First Citizens Nat'l Bank v. Murray* (*In re Murray*) the court found a willful and malicious injury when debtor-ex-wife intentionally keyed the debtor-husband's vehicle, which served as the creditor's collateral. 2013 Bankr. LEXIS 5737, \*20-21 (Bankr. W.D. Tenn. Aug. 21, 2013). The court held that the debtor-wife's obligation to the creditor was non-dischargeable under §523(a)(6). *Id.*

On summary judgment, the question is whether Plaintiff has demonstrated the absence of a genuine issue of material fact, thereby establishing entitlement to judgment as a matter of law. Even if the court were to accept the statements in the "Affidavit" as sworn statements, they would

not help the Defendant avoid the entry of summary judgment because they are related to facts that this court cannot change.

The findings in the state court civil judgment that the Defendant keyed Plaintiff's car is not something this court can overturn, even if a trial were held and evidence against that civil judgment were presented by Defendant. Under the *Rooker-Feldman* doctrine, this federal court cannot act as an appellate court for a state court judgment. Defendant did not appeal the Municipal Court's judgment, thus the finding that she vandalized Plaintiff's car cannot be overturned by this court, even if evidence to support that allegation were presented at trial. Further, under the doctrine of collateral estoppel, this court is bound by the state court's determination of the facts necessary to its decision on liability. Clearly, the fact that Defendant extensively keyed Plaintiff's car was necessary to finding her liable for those damages.

Defendant also specifically denies the Magistrate Judge's finding that "The underlying dynamic is a woman (or women) scorned." This finding of fact is binding on this court based on principles of collateral estoppel, or issue preclusion. Even if the court were to accept the unsigned Affidavit as a sworn statement, the assertion that the Magistrate Judge's finding is incorrect does not raise a triable issue for this court.

Finally, Defendant's "Affidavit" disputes the amount of damages awarded. The Magistrate Judge's decision has a long paragraph on the calculation of the amount of damages, reducing the amount awarded based on the fact that the estimate comes from a franchised car dealership ("on the higher range of bodywork pricing"), and specifically crediting Defendant with the $500 paid as criminal restitution. [Ex. B, p. 2]. Again, even accepting the "Affidavit's" allegations as cognizable under Rule 56(c)(4), the amount of the state court judgment is not something this court can second guess.

11

What the "Affidavit" and the Answer fail to do is assert any basis for finding that this act of vandalism by Defendant was not willful, malicious, or intentional. The only issues raised with the judgment are that the keying of the vehicle did not happen and the amount awarded was too much. While bankruptcy courts struggle with §523(a)(6) issues in contexts such as a landlord-tenant relationship, or the actions of an ex-spouse, nothing presented here contradicts that Defendant knew the wrongful nature of her actions and intended the damage she caused to the vehicle. Defendant has shown no basis for any conclusion other than that her actions were willful, malicious, and intentional.[1]

To establish a basis for denial of summary judgment, Defendant had to "come forward with specific facts showing that there is a genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986)). Absent such evidence from the nonmoving party, the court need not comb the entire record to determine if any of the available evidence could be construed as creating a genuine issue of material fact. *See In re Morris*, 260 F.3d 654, 665 (6th Cir. 2001)(holding that the "trial court no longer has the duty to search the entire record to establish that it is bereft of a genuine issue of material fact").

Accordingly, given the binding effect of the state court judgment, and the failure of the Defendant-Debtor to assert the existence of any material factual dispute that could be resolved by trial, Plaintiff is entitled to judgment as a matter of law, excepting the debt from discharge due to Defendant-Debtor's willful and malicious conduct.

## **CONCLUSION**

---

1/ These elements can be challenged even when the debtor has admittedly done an intentional act that damaged the plaintiff's property. *See*, *All Am. Inc. v. Taylor (In re Taylor)*, 2016 WL 828335, 2016 Bankr. LEXIS 639 (Bankr. N.D. Ohio March 2, 2016)(summary judgment was denied where evidence was presented that debtor's intent was suicide, not to damage the building). But some explanation that is contrary to the natural conclusion of knowledge and intent in committing vandalism, which is clearly an intentional tort, has to be offered. Such theoretically possible explanations will not be created or presumed by the court on summary judgment.

24-03043-jpg    Doc 21    FILED 03/28/25    ENTERED 03/28/25 16:56:56    Page 12 of 13

Accordingly,

**IT IS ORDERED** that Plaintiff's Motion for Summary Judgment [Doc. #19] be, and hereby is, **GRANTED**.

**IT IS FURTHER ORDERED** that the state court judgment in Toledo Municipal Court Small Claims Division Case No. 23-03826 in the amount of Four Thousand Nine Hundred Fifty-Nine Dollars ($4,959) be, and is hereby, held non-dischargeable, together with interest at the judgment rate from the date of judgment.

A separate judgment shall issue consistent with this memorandum.